DOOM, ASSIGNEE, v. DOOM ET AL.

Opinion of the Court.

---

W. H. DOOM, ASSIGNEE, ETC., *v.* M. B. DOOM ET AL.

**Actions—Abatement—Death of Formal Plaintiff.**
> An action, prosecuted for the benefit of a wife, her husband being merely a formal plaintiff, it would not abate by his death.

**Limitation of Actions—Appeal.**
> After more than three years has elapsed since a final judgment in favor of an appellee, and the statute of limitations is relied on, the bar is complete.

**Commissioners Report—Exceptions—When to be Filed.**
> When complainants believe a commissioners report to be prejudicial to them, they should present their exceptions within a reasonable time, and not on the last day of the next succeeding term of court.

**Appeal and Error.**
> Where from the affidavits etc. of appellants, it is not shown they were prejudicial by the judgment below, it cannot be reversed on appeal.

APPEAL FROM NELSON CIRCUIT COURT.

February 18, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

It appears from the transcript before this court, that the cause

was submitted for trial as early as the 1st of October, 1858, before the death of the husband of appellee, and although subsequent orders of submission were made, at succeeding terms of the court, still the first order of submission was never set aside, and as the action was prosecuted for the benefit of appellee, her husband being merely a formal plaintiff, it did not abate by his death, and judgment might properly be rendered without bringing his personal representatives and heirs, or either before the court, especially as the legal estate in the property which this action was designed to reach was in the trustees, who were defendants, and represented all parties interested.

By the judgment of the 9th of April, 1863, the deed of trust made by W. H. Doom and wife to Linthicum and Metcalf of date the 12th of August, 1857, was set aside as to appellee, and declared void as to her, which is to that extent final, and as more than three years had elapsed before any appeal therefrom was prosecuted, and limitations are relied upon the bar is complete, and this court has no power to revise that judgment.

If the reference of the case to the master was not sought by all the parties in their pleadings, it was properly made by the Bullitt circuit court, while the case was there, the heirs of W. H. Doom were not necessary parties as has been heretofore shown, it was, therefore, not premature, and there was no abuse of discretion in the court below in refusing to set aside the order of reference. Nor was any sufficient reason shown for sustaining the exceptions filed by appellants to the master's report. It was filed on the 1st of July, 1867, and no exceptions were taken to it until the 5th day of October, the same year, the last day of the term of the court succeeding the term at which said report was filed. It is true no time was fixed by the court within which to file exceptions. Still if appellants believed that the report was in fact prejudicial to them, or substantially erroneous, reasonable vigilance requires that they should have presented their exceptions if not on same day of the term at which the report was filed, certainly at an early day of the next term, unless there was an available reason for the failure, in this case none is shown, nor suggested.

By an examination into the case of McCoun and wife against J. M. Doom and others it appears that Linthicum and Metcalf, assignees of W. H. Doom, are adjudged to pay out of the assigned

effects to said J. M. Doom the *one-half* of $9,231.31 with interest from the first day of April, 1862, till paid," and it appears from the judgment rendered in the case of Turner Wilson's representatives against Doom's executors, etc., that J. M. and W. H. Doom as devisees of Benjamin Doom, are responsible to said Wilson, or his vendee for $1,226.72, with interest from the 13th of May, 1867, till paid, the amount of a lien on a tract of land sold by T. Wilson, deceased, to J. Wood Wilson, and by him to the testator Doom, and which J. M. and W. H. Doom subsequently sold to W. R. Grigsby, or perhaps J. M. Doom alone sold it, and collected the purchase money; but be that as it may, W. H. Doom's trustees would be only liable for half of said sum, and that half added to the amount adjudged to J. M. Doom would exceed by a very small sum the *one-third* of the proceeds of sales of the estate made by the trustees of W. H. Doom. So that they may pay those two sums, and the amount adjudged to appellee, and have some seven thousand dollars of the estate left in their hands.

By a statement made in the case by said assignees, it appears that they had sold real estate of their assignor to the value of $11,491.58, to the one-third of which appellee would have been entitled under the judgment of the 9th of April, 1863, setting aside the deed which would be worth in fee the sum $2,039.37, according to the report of the master, ascertained by Carlisle's life tables and for that sum with interest at the rate of 6 per cent *per annum* from the 27th of September, 1865, till paid the judgment was rendered.

This court must look into the whole record, and if the parties who complain of the judgment are not prejudiced thereby no reversal can be had by them.

Appellee's right to dower in her husband's real estate was fixed irrevocably as to all those who were parties to the action then, by the judgment aforesaid of the 9th of April, 1863. Appellants were parties thereto and are concluded thereby.

Then is there any error in subsequent proceedings, and in the details in carrying out said judgment. In the affidavits filed to have the order of submission to the special judge set aside it is not suggested that any objection existed, or could be made to him, nor is it attempted to be shown that by setting aside said orders, and the hearing, a different result could be produced, or that further preparation could be made. As, therefore, it is not shown

that appellants are prejudiced by the judgment it cannot be reversed on their appeal.

And although the deed of Doom and wife to Linthicum and Metcalf was set aside as to Mrs. Doom as early as April, 1863, the value of her dower in the estate of her husband was not ascertained until September, 1865, and the value having been ascertained to be $2,089.37 in fee and judgment rendered for that sum in her favor with interest from the 27th of September, 1865, till paid. No reason is perceived or shown for a different conclusion.

Wherefore, the judgment is *affirmed* on the original and on the cross-appeals.

*Wickliffe,* for appellants.

*Grigsby,* for appellees.